FRANCES R. GIFFON, Plaintiff, *v.* AMERICAN SAFETY RAZOR CORPORATION and Others, Defendants.

Supreme Court, New York County, April —, 1929.

*Barnett & Sitomer* [*D. Barnett* of counsel], for the plaintiff.

*D. Michelson* [*C. F. Goldberg* of counsel], for the defendant American Safety Razor Corporation.

*F. Pascarella*, for the defendant H. Content & Co.

COTILLO, J.   On or about May 5, 1921, the defendant American Safety Razor Corporation issued to the plaintiff twenty-five shares of its capital stock of the par value of $25 a share.  The stock was registered in her name and the certificate was issued to her.  Her husband, Wilfred Albert Giffon, left her on May 31, 1922, telling her he had a position in Baltimore.  He retained his key to their apartment.  The plaintiff has never seen him since his departure.  The certificate of stock was kept by her in an envelope inside the drawer of the dresser which was known only to herself and her husband.  In August, 1922, she looked for the certificate but found only a note written by her husband in which he admitted he took the certificate.  Upon her complaint to the police she was informed that a husband cannot steal from a wife and that she had no case.  She did nothing until the early part of

1928 when she was advised that she was still entitled to her stock. She thereupon immediately communicated with the transfer agency of the American Safety Razor Corporation and was informed by it that the stock had been transferred on July 11, 1922, to her husband upon a power of attorney purporting to bear her signature. The plaintiff then demanded of the defendant the issuance of a new certificate to her, which was refused. Since the transfer of the stock in 1922 the defendant has changed the par value of the stock from $25 to $100 par value, and subsequently to no par value. The defendant when changing to the $100 par value exchanged four shares of the $25 par value stock for one share of the $100 par value stock, and when changing the stock to no par value exchanged one share of the $100 par value for one share of stock of no par value. Since the plaintiff's stock was transferred the defendant has declared four dividends of one per cent each, and cash dividends of $134.71, the interest on which is $24.15. The defendants American Safety Razor Corporation and H. Content & Co., have entered into a stipulation whereunder, if it be determined that any liability rests on the American Safety Razor Corporation in favor of the plaintiff, H. Content & Co. will bear the same and that the issues arising between them need not be determined by the court.

There is no question that the transfer of plaintiff's certificate of stock was made on a forged signature and without plaintiff's knowledge or consent, and in view of all the circumstances, the plaintiff was not guilty of laches. She did only what any ordinary woman unversed in stock transactions and business would have done.

The question of the right of the plaintiff to obtain a new certificate is not easy to answer. In Cook on Corporations (Vol. 2 [8th ed.], 1321) it is said: " Where certificates of stock indorsed in blank have been stolen, and the thief or his transferee has obtained a registry on the corporate books and obtained new certificates of stock, and these new certificates have been sold, the purchaser is protected in his possession of the stock."

At page 1351 the author applies the same rule to forged indorsements as regards the right of a *bona fide* purchaser of a new certificate issued in place of the one bearing the forgery to retain the same. While this rule is not free from doubt (*Rand* v. *Hercules Powder Co.*, 129 Misc. 891),* it is supported by the weight of authority. It follows from this that the innocent purchaser is not a necessary party, and the question is narrowed down to the proposition whether the plaintiff is entitled to a delivery of new stock or is merely to be relegated to damages. Where the issue of such

---

* Revd., 223 App. Div. 837.

new stock would result, as here, in an overissue, the original owner is limited to the remedy of money damages. She is entitled to damages based upon a value of $7.50 per share in the sum of $187.50, with interest from August 31, 1922, together with costs. As to her claim for an accounting of dividends paid during the interval, since her claim dates from the time of conversion, the interest allowed her will be deemed to compensate her for any dividends that might have been declared. In accordance with the stipulation, the judgment shall be against the members of H. Content & Co.

Submit new findings and judgment in accordance with this opinion.